## HOLEPROOF HOSIERY CO. v. FITTS et al.

(Circuit Court, D. New Jersey. November 18, 1908.)

TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION—IMITATION OF NAME AND DRESS.

Complainant, the Holeproof Hosiery Company, was a manufacturer of stockings and socks sold and extensively advertised under the name of "Holeproof Hosiery." They were put up in boxes containing six pairs each, in each of which was a card on which was a printed guaranty against holes resulting from wear for a period of six months, with a coupon for each pair. After such business had been conducted for a number of years and had become profitable, defendants established a similar one under the name of "No-Hole Hosiery Company," putting up their product in boxes similar in size and color to complainants, with the name of the company thereon, although having different printed matter, and each containing a guaranty card similar in general style and appearance and having thereon a verbatim copy of complainant's guaranty. *Held*, that such simulation of the name and the guaranty card was evidently with design, and constituted unfair competition, which, it being shown that it in fact deceived purchasers, entitled complainant to a preliminary injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity.

McDermott & Enright (Frank F. Reed and Edward S. Rogers, of counsel), for complainant.

Vreeland, King, Wilson & Lindabury, for defendants.

CROSS, District Judge. The complainant by its bill of complaint charges the defendants with infringement of its trade-mark and with unfair competition in trade. The matter comes before the court on an application for a preliminary injunction, upon bill and affidavits and answering affidavits. The proofs do not satisfactorily show infringement of the trade-mark, but do show unfair competition in trade with sufficient clearness to warrant at least a portion of the relief prayed for. The defendants, or one of them, the other actively participating, are transacting the same kind of business as the complainant under the name and style of the "No-Hole Hosiery Company."

It appears that the complainant and its immediate predecessor in business have for the past 10 years been engaged in selling socks and stockings known as "Holeproof Hosiery." Its trade therein has been largely advertised and a successful business established. One of the features of its trade consists in guaranteeing its product against holes resulting from wear for a period of six months. Each package which it puts out comprises six pairs of socks or stockings, and inclosed in the package is a guaranty of the character above stated. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

card on which the guaranty is printed is of a size and shape to very nearly fit the interior of the pasteboard box in which the stockings are put upon the market. There is more or less printed matter at the beginning and end of the card expressing the terms of the guaranty, and intervening this printed matter are six numbered coupons, designed to cover, respectively, the six pairs of stockings which accompany the guaranty. The defendants use a guaranty card which in general style and appearance is the same as the complainant's, while its language is a verbatim copy. No such imitation could happen by accident. It was manifestly designed. Furthermore, the complainant's product and the defendants', for the most part, is put upon the market in a yellow pasteboard box of the same general size and appearance, although the printed matter upon the two boxes is not the same. The defendants' box, nevertheless, does advertise the contents as "no-hole hosiery," or as made by the No-Hole Hosiery Company.

As already stated, the boxes, although of the same color, are not identical, although similar, but, taken in connection with the words "no-hole" and the guaranty card, are susceptible of being confused, in the public mind, with the packages and product of the complainant. That this is so is not open to argument at this time, since the complainant's affidavits show specific instances of such confusion. It is apparent that, while the package and guaranty card as accessories aid in producing this confusion, it is the use of the hyphenated word "no-hole" which is the culminating and controlling factor therein. Holeproof hosiery and no-hole hosiery convey to the casual purchaser the same idea, or at least leave upon his mind the same general impression. The defendants have been in business but a few months, and the affidavits permit the inference that they had the complainant's name, package, and guaranty card before them when they conceived their own. If they had intended to carry on a bona fide business, they certainly would not in so many important respects have copied or closely imitated the complainant's name and methods.

I am unwilling, however, to enjoin the defendants, at this time, from the use of the word "guarantee" or "guaranteed," or from the use of a yellow box in connection with the packing and sale of their hosiery, but nevertheless unhesitatingly reach the conclusion that the defendants upon this application should be enjoined against the use of the words "no-hole," both in their business name and style, and also in connection with the advertising, packing, and sale of their product. A multitude of cases in which more remote approximations have been enjoined might be cited, were it at all necessary. The principles upon which the complainant herein is entitled to relief are clearly laid down in Fuller v. Huff et al., 104 Fed. 141, 43 C. C. A. 453, 51 L. R. A. 332, and cases therein cited. They should also be enjoined from the use of a guaranty card like or similar to that of the complainant. An injunction upon these lines imposes no undeserved hardship upon the defendants, since they had no right to trench, as they have done, upon the established rights and good will of the complainant, and under the guise of artifice and simulation acquire in a

few weeks what the complainant had achieved only after years of effort and expense.

In these respects an injunction will be allowed. In all others it will be denied

**Defendant's Coupon Ticket.**

**WE GUARANTEE**

that these Six Pairs of "NO-HOLE HOSE" will need no darning for six months. If they should, we agree to replace them by new ones upon the surrender of this ticket with the worn pair and Coupon A, provided they are returned to us within six months from date of sale to wearers.

Signature of
Salesman.................................................

**No-Hole Hosiery Co., Manufacturers**
Newark, N. J.

See that this Guarantee is dated and Signed in INK by salesman on date of sale

Coupon A 12 98 3

Date of Sale.................................................
**No-Hole Hosiery Co.**
Newark, N. J.

Coupon B 12 98 3

Date of Sale.................................................
**No-Hole Hosiery Co.**
Newark, N. J.

Coupon C 12 98 3

Date of Sale.................................................
**No-Hole Hosiery Co.**
Newark, N. J.

Coupon D 12 98 3

Date of Sale.................................................
**No-Hole Hosiery Co.**
Newark, N. J.

Coupon E 12 98 3

Date of Sale.................................................
**No-Hole Hosiery Co.**
Newark, N. J.

Coupon F 12 98 3

Date of Sale.................................................
**No-Hole Hosiery Co.**
Newark, N. J.

*POSITIVELY NO UNWASHED HOSIERY EXCHANGED*

**Directions for Exchange of Hose**

Customers must surrender the damaged Hose, the Guarantee Ticket, and one Coupon for each pair of Hose returned. Under no other circumstances can we make the exchange. With the first pair of damaged Hose we require the original Guarantee Ticket and Coupon A attached thereto; the remaining coupons must be retained and one returned with each subsequent pair of damaged goods.
Mail to us direct, and we will replace the same, charges prepaid

**NO-HOLE HOSIERY CO.,**
Newark, N. J.

Name, address and size required must accompany goods returned to us for exchange.

**Complainant's Coupon Ticket.**

**WE GUARANTEE**

that these Six Pairs of "Holeproof Hose" will need no darning for six months. If they should, we agree to replace them by new ones upon the surrender of this ticket with the worn pair and Coupon A, provided they are returned to us within six months from date of sale to wearers.

Signature
of Dealer................................................

**Holeproof Hosiery Co., Manufacturers**
Milwaukee, Wis.,
U. S. A

See that this Guarantee is dated and signed in INK by dealer on date of sale

Coupon No. 330141

A Date of Sale...............................................
**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

Coupon No. 330141

B Date of Sale...............................................
**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

Coupon No. 330141

C Date of Sale...............................................
**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

Coupon No. 330141

D Date of Sale...............................................
**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

Coupon No. 330141

E Date of Sale...............................................
**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

Coupon No. 330141

F Date of Sale...............................................
**Holeproof Hosiery Co.**
Milwaukee, Wis., U. S. A.

**Directions for Exchange of Hose**

Customers must surrender the damaged Hose, the Guarantee Ticket, and one Coupon for each pair of Hose returned. Under no other circumstances can we make the exchange. With the first pair of damaged Hose we require the original Guarantee Ticket and Coupon A attached thereto; the remaining coupons must be retained and one returned with each subsequent pair of damaged goods.
Mail to us direct, and we will replace the same, charges prepaid.

**Holeproof Hosiery Co.,**
Milwaukee, Wis., U. S. A.

Name, address and size required must accompany goods returned to us for exchange.