## FLORENCE MFG. CO. v. J. C. DOWD & CO.

(Circuit Court of Appeals, Second Circuit. April 11, 1910.)

No. 196.

1. TRADE-MARKS AND TRADE-NAMES (§ 3*)—NATURE OF NAME—DESCRIPTIVE CHARACTER.

> The word "Keepclean," as applied to tooth brushes, is descriptive, and is not, therefore, a proper subject of a valid trade-mark.
>
> [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. § 3.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION.

> Complainant having manufactured and sold superior toilet brushes under the name "Keepclean," defendant's manufacture and sale of tooth brushes under the word "Sta-Kleen," printed in the same red letters and dressed in the same character of a package as that used by complainant, constituted unlawful competition; and this notwithstanding defendant applied the name "Sta-Kleen" to tooth brushes before complainant commenced the manufacture and sale of tooth brushes under its mark.
>
> [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*
>
> Unfair competition in use of trade-mark, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

3. TRADE-MARKS AND TRADE-NAMES (§ 75*)—UNLAWFUL COMPETITION—DECEIT.

> Where, in an action for unlawful competition, the style and dress of defendant's article was such as to deceive purchasers into believing they were buying goods of complainant's manufacture, it was not necessary for complainant to show, in a suit for unlawful competition, that innocent purchasers had been in fact deceived.
>
> [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 86; Dec. Dig. § 75.*]

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit by the Florence Manufacturing Company against J. C. Dowd & Co. for infringement of complainant's registered trade-mark "Keepclean" as applied to brushes, and for alleged unfair competition in the use of the words "Sta-Kleen" as applied to brushes, and also by simulating complainant's boxes and labels and imitating generally complainant's manner of dressing its goods. From a decree for defendant, complainant appeals. Reversed and remanded, with instructions.

See, also, 171 Fed. 122.

Macleod, Calver, Copeland & Dike (William A. Macleod, William A. Copeland, and George P. Dike, of counsel), for appellant.

A. Bell Malcomson, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. We agree with the Circuit Court in thinking that the word "Keepclean," as applied to tooth brushes, is descriptive merely and is therefore not the subject of a valid trade-mark. If the distinguishing feature of the brush, which its owner desires to emphasize, is its capacity for keeping clean, he could hardly find any different words in which to convey his meaning.

It will probably be conceded that the adjective "clean" cannot be appropriated as a trade-mark to designate a particular line of goods, no matter how free from dirt they may be. If they have the characteristic of retaining this condition for a longer period than other similar goods, it is plain that their owner cannot be permitted to pre-empt the description of this capacity to remain clean, or keep clean or stay clean. For this reason both parties were refused trade-marks under the act of 1905, the Patent Office holding that both "Keepclean" and "Sta-Kleen" were descriptive merely. It follows, therefore, that as the complainant has a perfect right to advertise the tendency of its brushes to keep clean, the defendants have an equal right to inform the public of the similar tendency of their brushes to stay clean, provided they do so fairly. Asphalt Co. v. Standard Paint Co., 163 Fed. 977, 90 C. C. A. 195.

The question of unfair competition remains. The defendants argue that this cause of action has not been sustained for the following reasons:

First. When the defendants commenced the sale of the "Sta-Kleen" tooth brushes, the complainant had not added a tooth brush to its series of toilet brushes. It is, therefore, urged by the defendants that they had a right to use complainant's trade-name to designate a brush which the complainant did not make. They further maintain that there can be no unfair competition in the sale of an article in which the parties do not compete, and in no event can the complainant be damaged, because it lost no sales of tooth brushes.

Second. It is argued that there is no evidence that the defendants' goods have been accepted by innocent purchasers as the goods of the complainant.

We cannot resist the conclusion that the defendants take too narrow a view of the law as it relates to unfair competition. The law has a three-fold object: First, to protect the honest trader in the business which fairly belongs to him; second, to punish the dishonest trader who is taking his competitor's business away by unfair means; and, third, to protect the public from deception.

There are facts in the record upon which a plausible argument can be founded that the defendants deliberately intended to simulate the complainant's marks, boxes and labels for the purpose of securing a portion of its trade in brushes. It is, however, unnecessary to rest the decision upon controverted facts.

It is so easy for the honest business man, who wishes to sell his goods upon their merits, to select from the entire material universe, which is before him, symbols, marks and coverings which by no possibility can cause confusion between his goods and those of competitors, that the courts look with suspicion upon one who, in dressing his goods for the market, approaches so near to his successful rival that the public may fail to distinguish between them. The law is not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking and the credulous, who, in making purchases, do not stop to analyze, but are governed by appearances and general impressions. We agree with the judge of the Circuit Court in thinking that if "Keepclean" were a valid trademark "Sta-Kleen" would infringe it, and we may therefore consider the question of unfair competition as if the former word had been appropriated.

Can there be a doubt that a person familiar with the complainant's brushes and believing them to be of superior quality, would, if he saw "Keepclean" upon a tooth brush box in a drug store, purchase it, believing it to contain a brush made by the Florence Manufacturing Company? That he would be misled—to a less degree, perhaps—by the use of the word "Sta-Kleen" printed in the same red letters and in the same position on the box, seems equally clear.

But it is urged that as the complainant did not manufacture tooth brushes at the time the defendants entered the field, it cannot be injured by the sale of tooth brushes by others. We do not think the conclusion follows. The complainant had acquired a reputation as the manufacturer of high grade toilet brushes; it certainly had a right to include tooth brushes at any time, and, when it did so, purchasers who were acquainted with the high character of its goods, would quite likely purchase its tooth brushes, deeming its previous reputation a guaranty of excellence. In other words, the complainant did not abandon the right to make "Keepclean" tooth brushes because it did not at the outset make such brushes, as well as other varieties of toilet brushes.

Test it by an illustration: Suppose a hatter had for years engaged in making silk hats and "Derbys" and as such had acquired an enviable reputation, but had never made straw hats; could the proposition be successfully maintained that a rival could make straw hats and offer them to the public in circumstances which would lead them to believe

they were procuring the product of the old established manufactory? The public is deceived by such conduct, the reputation of the established manufacturer is injured if the goods represented to be his are of inferior quality and he is hindered in entering a field which he has a right to enter at any time he sees fit. These views are, we think, sustained by the following authorities: Collins Co. v. Ames Co. (C. C.) 18 Fed. 561; Holeproof Co. v. Wallach, 172 Fed. 859, 97 C. C. A. 263; Holeproof Co. v. Fitts (C. C.) 167 Fed. 378; American Tobacco Co. v. Polacsek (C. C.) 170 Fed. 117.

The argument in these cases is a simple one: Where the defendant has so dressed his goods that they may be mistaken for the goods of the complainant his motive in so doing is either honest or dishonest; if honest, he should stop voluntarily; and, if dishonest, he should be compelled to stop.

The decree is reversed with costs to the complainant and the cause is remanded to the Circuit Court with instructions to enter a decree in accordance with this opinion.