Mr. Chief Justice Shepard
delivered the opinion of the' Court:
This is an appeal from the decision of the Commissioner of ■ Patents, denying registration of the word “No sag” as a trademark applied to hand bags.
The denial was founded on that part of sec. 5 of the trademark act which prohibits the registration of a mark which consists merely in words or devices, which are descriptive of the goods with which it is used, or of the character or quality of such goods. The Examiner said: “The word ‘Sag’ is defined as follows: ‘To droop, especially in the middle; settle or sink through weakness or lack of support. * * * A bending or drooping.’ (Century Dictionary et al.)
“This mark, which is made up of two words, ‘no’ and ‘sag,’’ as applied to a handbag, indicates that it will not droop, settle, or sink between the points at which the handle is attached; or it may mean that other parts of the bag will not sag or bend. It is well known that it is desirable to have a hand bag that will not lose its shape, for if it sags or bends, it has an inartistic and old appearance.”
*111 We concur in the view that the mark is a combination of' two words that indicate, and are intended to indicate, that the bags will not lose their shape through sagging for which reason they are descriptive of the character or quality of the goods.
The word is within the rule laid down in the following cases Re Central Consumers’ Co. 32 App. D. C. 523 (denying registration of “Next-to-Beer,” as a trademark for nonalcoholic drinks) ; Charles Dennehy & Co. v. Robertson, 32 App. D. C. 355 (“Mountain Dew,” for whisky) ; Re South Brewery & Ice Co. 32 App. D. C. 591 (“Crystal,” for beer) ; Re Anti-Corizine Chemical Co. 31 App. D. C. 191 (“Getwell” for medicines) ; Re Seamless Rubber Co. 31 App. D. C. 357 (“Kantleek,” for rubber goods). See also Florence Mfg. Co. v. Dowd, 101 C. C. A. 565, 178 Fed. 73.
The decision will be affirmed, and this decision certified to-the Commissioner of Patents. Affirmed.