## THOMAS MANUFACTURING COMPANY *v.* ÆOLIAN COMPANY.

---

TRADEMARKS; SIMILARITY; OPPOSITION.

1. A person may not register a trademark similar to one already in use

by another engaged in a business of the same general nature, where the likely effect will be to lead to confusion concerning the goods themselves or their origin.   (Citing *Wayne County Preserving Co.* v. *Burt Olney Canning Co.* 32 App. D. C. 279; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285; *Kaut–Reith Shoe Co.* v. *International Shoe Co.* 45 App. D. C. 545; *Goodrich Drug Co.* v. *Cassada Mfg. Co.* 46 App. D. C. 146.)

2.  The word "Orchestrola" is not registerable as a trademark as applied to phonographs, upon the opposition of a prior registrant of the word "Orchestrelle," who had applied the word to manually and automatically operated organs, which he had widely sold and advertised, and who thereafter engaged in the manufacture and sale of phonographs.

No. 1129.  Patent Appeals.  Submitted January 15, 1918.  Decided February 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. H. J. Jacobi* and *Mr. Parker Cook* for the appellant.

*Mr. J. L. Norris* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The Thomas company in 1916 adopted as a trademark for phonographs the word "Orchestrola," and soon thereafter applied for its registration.  The Æolian company opposed the registration, and asserted that in 1900 it registered the word "Orchestrelle" as a trademark; that the goods for which the Thomas company was seeking to register "Orchestrola"—phonographs or talking machines—were of the same descriptive properties, and were comprised in the same general class of merchandise as the goods upon which it had used its registered trademark; and that the use of the word proposed by the Thomas company would lead to confusion.   The parties stipu-

lated that the Æolian company had made and sold organs and playing mechanisms therefor since prior to 1894; pianos and playing mechanisms therefor since prior to 1895; and phonographs since 1914; also that it had applied the trademark "Orchestrelle" to "organs comprising means for manual operation as well as automatic operation through perforated music sheets, and has applied the same trademark * * * to said music sheets;" and that those instruments "bearing its trademark have been widely and largely advertised and sold" throughout the United States.

Would the use of "Orchestrola" by the Thomas company, in the language of the statute, "be likely to cause confusion or mistake in the mind of the public, or deceive purchasers?" (34 Stat. at L. 1251, chap. 2573, 37 Stat. at L. 649, chap. 7, Comp. Stat. 1916, § 9490.) If so, it should not be registered. This court has frequently held that, because the field of selection is so very wide, practically unlimited, there is no good reason why a person should be permitted to select a trademark similar to one already in use by another engaged in a business of the same general nature, where the likely effect would be to lead to confusion concerning the goods themselves or their origin. (*Wayne County Preserving Co.* v. *Burt Olney Canning Co.* 32 App. D. C. 279; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285; *Kaul–Reith Shoe Co.* v. *International Shoe Co.* 45 App. D. C. 545; *Goodrich Drug Co.* v. *Cassada Mfg. Co.* 46 App. D. C. 146.) In the *Goodrich Case* it was held that "Velvetina" applied to the same character of goods as "Velvelite" would be likely to cause perplexity in trade, and therefore was not registerable. Assume that a person who had a good opinion derived from use or otherwise of an automatically operated organ produced by the Æolian Company and marked "Orchestrelle" desires to purchase a phonograph (the Æolian Company, as we have seen, now produces phonographs), and is shown one marked "Orchestrola," would he not be likely to think it was produced by the same company as produced the organ and buy it on that account? Perhaps if the two instruments were placed side by side, one marked "Orchestrelle" and the other "Orchestrola," he would be able to detect the difference

between the marks; but where they were not so placed and he was compelled to rely upon his memory only, unless he possessed one remarkably accurate in its impressions,—the law considers the ordinary, not the extraordinary, in cases like this,—we believe he would not distinguish the one from the other. To be sure, they have points of differences, but the points of resemblance dominate and give character to the terms. (*Swift* v. *Dey,* 4 Robt. 611; *Florence Mfg. Co.* v. *Dowd,* 101 C. C. A. 565, 178 Fed. 73.) Merely "arguable differences" are not enough to save from condemnation the encroaching mark. (*Paris Medicine Co.* v. *W. H. Hill Co.* 42 C. C. A. 227, 102 Fed. 148.)

We entirely agree with the Assistant Commissioner that the two words are "confusingly similar," and would be likely to mislead not only as to the goods themselves, but also as to their source of manufacture, and hence his decision is affirmed.

*Affirmed.*