## COCA-COLA CO. v. CHERO-COLA CO.

(Court of Appeals of District of Columbia. Submitted May 9, 1921. Decided June 6, 1921.)

### No. 1393.

1. **Trade-marks and trade-names and unfair competition 43—Right to register trade-mark depends on whether it would tend to confuse or deceive purchasers.**

    Under the Trade-Mark Act (Comp. St. § 9490), the test of the right to register a trade-mark, opposed by the owner of a trade-mark applying to goods of the same descriptive property, is whether or not the marks are so similar as to be likely to cause confusion in the public mind or to deceive purchasers.

2. **Trade-marks and trade-names and unfair competition 43—Arguable differences do not defeat opposition to trade-mark registration.**

    The fact that applicant's and opposer's marks do not sound quite alike, and have a different number of letters in each, are only arguable differences, which are not enough to defeat the opposition, since the second applicant, having an almost limitless field to choose from, should select a mark clearly distinguished from the existing mark.

3. **Trade-marks and trade-names and unfair competition 43—"Chero-Cola" held likely to confuse purchasers desiring "Coca-Cola."**

    Applicant's trade-mark of "Chero-Cola" is sufficiently similar to the opposer's mark, "Coca-Cola," to be apt to confuse an ordinary purchaser, who generally does not have more than a faint impression of the trade-mark and acts quickly on a general glance, so that the opposition to the registration of the trade-mark will be sustained, especially where witnesses testified to numerous instances of actual confusion produced by applicant's mark, and applicant's own counsel in the examination of witnesses several times confused the two marks.

4. **Trade-marks and trade-names and unfair competition 44—Doubts as to right to register must be resolved in favor of opposer.**

    Doubts as to the right of an applicant to register a trade-mark against the opposition of the owner of a mark for goods of the same descriptive properties must be resolved in favor of the opposer.

Appeal from the Commissioner of Patents.

Application by the Chero-Cola Company for the registration of a trade-mark, opposed by the Coca-Cola Company. From a decision of the Commissioner of Patents, overruling the opposition, the opposer appeals. Reversed.

Edward S. Rogers, of Chicago, Ill., Harold Hirsch, of Atlanta, Ga., and Nelson J. Jewett, of Washington, D. C., for appellant.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. L. Parker and Melville Church, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Appellee made application to have registered in the Patent Office the words "Chero-Cola" as a trade-mark for "Cola," a soft drink. The application was opposed by the appellant. on the ground that it (the appellant) was the owner of the registered mark "Coca-Cola," which is applied by it to the same kind of a drink. The Examiner of Interferences sustained the opposition, but was reversed by the Commissioner of Patents.

[1] Opposer has been using its mark since 1886, while applicant did not adopt its mark until 1911. It is conceded that the goods of the parties have the same descriptive properties, and therefore there is but one matter for our decision, namely, whether or not the marks are so similar as to be likely to cause confusion in the public mind or to deceive purchasers. 33 Stat. L. 725 (Comp. St. § 9490).

Nearly 3,000 pages of testimony were taken, and elaborate briefs have been filed. Many decisions by courts in this country and in England are cited, and, besides, we are invited to listen to the teaching of psychology on the subject. None the less the question in dispute is a simple one, and the principles by which its solution may be reached have been often declared and applied by this court.

[2] It is true that, if we analyze the two marks, differences will be found. They do not sound quite alike, and the number of letters in each is not the same; but these are only arguable differences, which are not enough to defeat the opposition. William Waltke & Co. v. Geo. H. Schafer & Co., 49 App. D. C. 254, 256, 263 Fed. 650, and cases cited; Thos. Manufacturing Co. v. Æolian Co., 47 App. D. C. 376, 379.

[3] Each of the marks embraces two hyphenated words. "C" is the first letter in each mark, and "Cola" the last word in each. The image which one mark paints upon the mind is not clearly different from that made by the other mark. To require that the line which separates marks should be well defined is not to ask too much, since the field from which a person may select a mark is almost limitless. Florence Manufacturing Co. v. Dowd & Co., 178 Fed. 73, 75, 101 C. C. A. 565; Waltke & Co. v. Schafer & Co., supra; Thos. Manufacturing Co. v. Æolian Co., supra, 47 App. D. C. 378. If he is not content with a word to be found in a dictionary, he may coin one.

Of course, if the two marks were placed together, or if a person's attention was in some other way directed to them, there would be no difficulty in apprehending the difference between them. This, however, is not the way to make the test. Ordinarily the prospective purchaser does not carry more than a faint impression of the mark he is looking for. If the article offered to him bears a mark having any resemblance to the one he is thinking of, he is likely to accept it. He acts quickly. He is governed by a general glance. The law does not require more of him. Patton Paint Co. v. Orr's Zinc White, 48 App. D. C. 221.

Many witnesses testified to numerous instances of actual confusion produced by applicant's mark. Even counsel for applicant, in the

cross-examination of witnesses, several times confused "Coca-Cola" with "Chero-Cola." The statute does not require proof of actual confusion, but when there is such proof it is not easy to escape the conclusion that the assailed mark, if registered, would be likely to do that which it has done.

Opposer, as we have seen, adopted its mark in 1886, and has been using it ever since, so that "the mark for years has acquired a secondary significance, and has indicated the plaintiff's [opposer's] product alone." Coca-Cola Co. v. Koke Co. of America, 254 U. S. 143, 41 Sup. Ct. 113, 65 L. Ed. ——. Millions have been spent by it for advertising its goods under the mark. During the time that it has used the mark it has been doing business in Atlanta, Ga. Applicant's place of business is in a nearby town—Columbus, Ga. It, as we have said, did not commence to use its mark until 1911, 25 years after opposer had put into use its mark. Why was this mark selected by it, since it had so many others from which to choose? Is not its action open to the inference that the purpose was to appropriate some of opposer's business, by producing confusion in the minds of the purchasing public? Whatever the purpose may have been, it is quite undeniable that mistakes have resulted from the use of applicant's mark.

[4] Even if we doubted with respect to the proper solution of the question before us, it would be our duty to resolve the doubt against the applicant. Lambert Pharmacal Co. v. Mentho-Listine Co., 47 App. D. C. 197; William Waltke & Co. v. Geo. H. Schafer & Co., supra.

Considering the matter in the light of the statute, the record, and our previous decisions, we are constrained to hold that the opposition should be sustained, and hence the decision of the Commissioner of Patents must be, and it is, reversed.

Reversed.