**MASON AU & MAGENHEIMER CONFECTIONERY MFG. CO. v. CHUMAS et al.**

**SAME v. ALPS CANDIES, Inc.**

(District Court, E. D. New York. July 21, 1921.)

**Trade-marks and trade-names and unfair competition ☞18, 58, 70(2)—Trademark for candy held valid and infringed.**

The word "Peaks" in the form of a design with the letters K and S connected, printed on the tinfoil wrappers of bars of chocolate candy made in the form of a bar or ridge with peaks, *held* valid as a trade-mark, and infringed by defendants by the use on competing candy, similarly formed and wrapped, of the word "Alps," with the letters A and S connected, and such imitation also *held* to constitute unfair competition; complainant having extensively advertised its product.

In Equity. Suits by the Mason Au & Magenheimer Confectionery Manufacturing Company against Theodore Chumas and John Chumas, partners as Chumas Bros., and against the Alps Candies, Inc. Decrees for complainant.

Dyer & Taylor, of New York City (John Robert Taylor and Gustav Drews, both of New York City, of counsel), for plaintiff.

Ingraham, Sheehan & Moran, of New York City (George L. Ingraham and Carl A. Rood, both of New York City, of counsel), for defendants.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CHATFIELD, District Judge. The plaintiff has brought two actions (against individual defendants in the one case, and against their successor corporation in the other), asking for an injunction against alleged violation of trade-mark and unfair competition by the sale of an uneven roll or bar of candy, made of cocoanut, covered with chocolate, wrapped in foil, and more or less similar, in shape and in the lettering upon the foil, to a candy put upon the market by the plaintiff and known as "Mason's Peaks." The candy sold by the defendants is labeled and known as "Alps."

The record shows extensive advertising on the part of the plaintiff, all to the end of fixing in the minds of the public the idea of heaps, summits, or mountains, as suggesting or suggestive of the so-called peaks of chocolate candy.

The word "Peaks" as printed upon the foil label is given the form of a design by connecting the K and S, in order to show originality and to avoid the possible charge of mere description in the word. The A and S of the word "Alps" are likewise connected.

In the first place it must be held that the word "Peaks," when applied in such connection, is capable of registration as a trade-mark. Nothing has been presented in the case which would indicate that the word "Peaks," in such a use, is so descriptive as to render its use as a trade-mark invalid. In the next place, the word "Alps" is in the same general class, and suggestive of a similar idea.

The many cases that have been decided under the doctrine of unfair competition and infringement of trade-mark depend upon the existence of similarity, rather than identity, in the imitation. This similarity may be entirely in the suggestion, rather than in the word itself, such as "Uneeda," infringed by "Iwanta," National Biscuit Co. v. Baker (C. C.) 95 Fed. 139; "Holeproof," infringed by "Nohole," Holeproof Hosiery Co. v. Fitts (C. C.) 167 Fed. 378; "Keepclean," infringed by "Sta-Kleen," Florence Mfg. Co. v. J. C. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565.

In this regard, it is evident that a similar candy, of similar materials, generally similar in size and appearance, wrapped in a similar style of foil and marked with a similar name, is too near in its imitation to be allowable as a competing commercial article, even though the persons selling the two articles have followed similar paths independently of each other, in the conclusion that the design is of commercial value.

Cocoanut candy in various forms of shredded material is of course old. Chocolate covered candy is old. The use of foil wrapping the candy is old. The formation of the confection in the shape of a cone or ball or stick or bar is old. The use of blue or red letters in order to show upon the foil is old. The wrapping of individual masses in the form of a bar or stick is old, whether produced by hand or by machinery.

Use of each one of these elements may have occurred to the defendants without realization of any actual imitation of the plaintiff's candy, inasmuch as the use of each one of these elements was merely the taking of an old feature as an obvious means of working out an idea. But so long as the plaintiff was the first upon the market, in the use

of candy embodying all these ideas, the defendants are guilty of unfair competition in placing upon the market and selling a candy so closely resembling the plaintiff's in every particular as to make it necessary to carefully examine the label, or to carefully differentiate in the taste of the contents, in order to tell which is which. One would be readily salable for the other, and, according to the testimony, the defendants' product has at times, if not continuously, been sold at slightly lower price than the plaintiff's and the defendants therefore profited by the competition.

The word "Alps" is said to have been taken from a restaurant where the candy was to be sold, rather than from similarity of "Alps" to "Peaks" in commercial suggestion. But the significance of its meaning could not be disregarded, because an intermediate application of the name was made by other parties. Such an excuse would be of no avail with wrong intent. The defendants beg the question when they seek to show lack of intent by citing use to prove the purpose.

When we come to the trade-mark side of the case, the plaintiff should prevail. The designs are similar, confusing, and deceiving, when considered with their use on the same class of goods, for sale to the same public, and with the same suggestion of idea to the public.

The plaintiff uses boxes and wrappings which of themselves furnish advertising of its candies. The defendants do not place the advertising of their article upon their containers. From this the plaintiff argues that the defendants are attempting to evade the charge of competition, and are seeking to make it easier for individual dealers to deceive the public by substituting the single bars of candy, and thus secure for themselves a larger profit. The defendants, on the other hand, argue that the difference in the container shows a lack of intention to imitate.

Neither argument is conclusive, but the methods by which the defendants' candy is placed upon the market lend themselves so easily to unfair competition, that greater reason exists for restraining the descriptive label upon the candies themselves.

Some attempt was made by the defendants to show that in small quantities their package was the original, but the evidence does not prove that the defendants placed their article upon the market in the form in which it is now sold to the public, or that the advertising of their package was formulated until there was some public demand for these articles, even if the defendants were not at the time definitely seeking to profit by the plaintiff's advertising and market, or aware of the plaintiff's rights.

The plaintiff may have a decree.