### CANTERBURY CANDY MAKERS v. BRECHT CANDY CO.

(Court of Appeals of District of Columbia. Submitted November 12, 1923. Decided January 7, 1924.)

#### No. 1561.

1. **Trade-marks and trade-names and unfair competition ⟐43—Mark associated with swinging sign held deceptively similar to mark associated with bracket from which sign depends.**

   The use of registrant's trade-mark, consisting of a swinging sign carried by a support, and the words "Canterbury Candies, Seattle," on the sign, the words "Candies" and "Seattle" being disclaimed, *held* deceptively similar to petitioner's mark, consisting of a bracket from which a sign depends with the words "Von Brecht," which are disclaimed, on the sign, though petitioner's sign is wider than it is high, while registrant's is higher than it is wide.

2. **Trade-marks and trade-names and unfair competition ⟐43—Placing marks side by side not proper test.**

   Placing trade-marks side by side is not the proper way to determine whether they are deceptively similar.

Appeal from the Commissioner of Patents.

Proceeding by the Brecht Candy Company to cancel a trade-mark of the Canterbury Candy Makers. From a decision sustaining the petition for cancellation, the latter party appeals. Affirmed.

D. W. Gould, of Washington, D. C., for appellant.

A. J. O'Brien, of Denver, Colo., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. In this proceeding the Brecht Candy Company seeks the cancellation of a trade-mark of the Canterbury Candy Makers, which comprises the word "Canterbury" associated with a swinging sign carried by a support. On the sign are the words "Canterbury Candies, Seattle." Apart from the drawing shown in the certifi-

cate of registration, "Candies" and "Seattle" are disclaimed. The Brecht Candy Company's mark consists of a bracket from which a sign depends. On the sign are the words "Von Brecht," which are disclaimed. The mark was adopted by it before the registrant adopted its mark. Both parties are in the candy business. The only inquiry in the case, therefore, relates to the alleged similarity of the marks.

[1, 2] Petitioner's sign is wider than it is high, while registrant's is taller than it is wide. The lower parts of both have similar outlines. In each the characteristic thing is the sign. It impresses the mind. One might easily mistake the one mark for the other, unless his attention was especially directed to the words on them. Of course, one mark differs somewhat from the other, and if they were placed side by side a person would have no difficulty in distinguishing them; but that is not the way, as we have said more than once, to determine whether marks are deceptively similar. Coca-Cola Co. v. Chero-Cola Co., 51 App. D. C. 27, 273 Fed. 755, and cases therein referred to. The intending purchaser rarely has an opportunity to compare the marks. He must rely on his memory of the one he is seeking, and usually he decides at a glance. He is not required by the law to do more. Coca-Cola Co. v. Chero-Cola Co., ante. Proceeding in this way, we think he probably would be deceived, if both marks were used in trade.

It is urged by the registrant that others engaged in the same line of business are using signs as trade-marks. This may be conceded, but it furnishes no reason why registrant should be given the sole right to employ one. As against the petitioner, the registrant has not an exclusive right to the mark. That is all we are concerned about in this proceeding.

The Commissioner of Patents sustained the petition for cancellation, and we affirm his decision.

Affirmed.