**TUPELO COTTON MILLS v. AMERICAN BLEACHED GOODS CO., Inc.**

(Court of Appeals of District of Columbia. Submitted March 9, 1925. Decided April 6, 1925.)

No. 1719.

Trade-marks and trade-names and unfair competition ⟪≈⟫43—Mark consisting of blue bird with outstretched wings held deceptively similar to mark consisting of red and black bird in similar position.

Trade-mark, consisting of blue bird perched on twig with wings outstretched, carrying in its mouth a string from which was suspended a disk bearing word "Tupelo," *held* deceptively similar to mark consisting of red and black bird, with wings outstretched, just leaving a twig, surrounded by circle containing words "Pride of the West—India Linon."

Appeal from Commissioner of Patents.

Proceeding by the American Bleached Goods Company, Inc., to cancel trade-mark of the Tupelo Cotton Mills. From a decision sustaining the petition for cancellation, the latter party appeals. Affirmed.

M. G. Clear, of Washington, D. C., for appellant.

Frederick Bachmann, of New York, N. Y., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is an appeal from a decision of the Patent Office in a trade-mark cancellation proceeding.

The marks of the parties are applied to goods of the same descriptive properties. Appellee's mark, adopted and used extensively since 1907, consists of a bird, wings outstretched, just leaving a twig; the body of the bird being red, and its wings and tail black. In a circle surrounding this bird, which is said to be a representation of a scarlet tanager, are the words "Pride of the West—India Linon." Appellant's mark, adopted in 1917, consists of a bird perched on a twig, with wings outstretched and carrying in its mouth a string, from which is suspended a disk bearing the word "Tupelo." In the drawing the breast of this bird, said to be a representation of a bluebird, is lined for red, while the head, back, tail, and wings are lined for blue.

The Assistant Commissioner ruled that the concurrent use of these two marks was "likely to cause confusion or mistake in the mind of the public or to deceive purchasers," within the meaning of the Trade-Mark Act, and hence that appellant's mark should be canceled. In this ruling we concur. Coca-Cola Co. v. Chero-Cola Co., 51 App. D. C. 27, 273 F. 755; Canterbury Candy Makers v. Brecht Candy Co., 54 App. D. C. 82, 294 F. 1013. Appellant suggests that these two birds are easily distinguishable. They might be by ornithologists, but the purchasing public includes comparatively few persons who have particular knowledge of birds. To the average person these goods would be bird goods, and would not be known as bluebird or tanager goods.

The decision is affirmed.

Affirmed.