Modified.

**WALGREEN CO. v. GODEFROY MFG. CO.**

**Patent Appeal No. 3357.**

Court of Customs and Patent Appeals.

Dec. 24, 1934.

Harry C. Alberts, of Chicago, Ill., for appellant.

Carr & Carr & Gravely, of St. Louis, Mo. (Joseph J. Gravely, of St. Louis, Mo., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences sustaining the application of appellant for the cancellation of appellee's trade-mark registration No. 250,012, of the word "Peaudouce," issued November 27, 1928, for use on "Skin Cream."

It is claimed by appellant in its application for cancellation that appellee's trade-mark "Peaudouce" consists in the combination of the French words "peau" and "douce" —the word "peau" meaning skin and the word "douce" meaning soft; that therefore appellee's registered trade-mark is merely descriptive of the character and quality of appellee's skin cream; that, at the time of the filing of its application for cancellation, and prior thereto, appellant was using the trade-mark "Peau-Doux" on talc, face powder, shaving cream, and "after shaving lotion for skin application and treatment"; that its trade-mark "Peau-Doux," although of masculine gender, also means "soft skin," and is descriptive of the "usefulness and potency of appellant's goods"; that appellee was not, on the date of its application for registration, June 30, 1928, entitled to the exclusive use of its trade-mark "Peaudouce"; that appellant is entitled to use the term "Peau-Doux" to describe the character and quality of its goods; and that appellant deems itself injured by appellee's trade-mark registration.

In its answer, appellee admits that the French word "peau" means skin, but denies that the French word "douce" means soft and that its trade-mark "Peaudouce" is merely descriptive of appellee's goods. It alleges that its registration is valid, and that it is the owner, and is entitled to the exclusive use, of its trade-mark for skin creams and goods possessing the same descriptive properties.

The parties entered into a stipulation, whereby it was agreed that the evidence in opposition No. 9373, Walgreen Co. v. Godefroy Mfg. Co., 58 F.(2d) 457, 19 C. C. P. A. (Patents) 1150, involving the same trade-

marks, should be considered as a part of the record in the case at bar.

In that proceeding, the opposer, the Godefroy Manufacturing Company, alone took testimony.

It there appeared that appellant, Walgreen Company, sought to register a composite trade-mark consisting of the head and shoulders of a man in profile, together with the French words "Peau-Doux," and the notation "(Po-Do)" to indicate the correct pronunciation of "Peau-Doux," for use on shaving cream, under the Trade-Mark Act of February 20, 1905, as amended (15 USCA § 81 et seq.). In its notice of opposition, the Godefroy Manufacturing Company relied upon its registration No. 250,012, involved in the case at bar.

It was there claimed by appellant, Walgreen Company, that the Godefroy Manufacturing Company's trade-mark "Peaudouce" was descriptive, that it was not the subject of exclusive ownership, and that therefore the notice of opposition should be dismissed.

This court there held, however, as in many previous decisions on the subject, that the validity of an opposer's registered mark would not be considered in an opposition proceeding, and, in affirming the decision of the Commissioner of Patents holding that the Walgreen Company was not entitled to register its trade-mark, stated that the Godefroy Manufacturing Company had used its trade-mark "Peaudouce" on skin cream long prior to any use by the Walgreen Company of its trade-mark, that the goods of the parties possessed the same descriptive properties, and that the marks were confusingly similar.

In the case at bar, the Godefroy Manufacturing Company, appellee, is relying upon the evidence submitted by it in the opposition proceeding.

Appellant, Walgreen Company, has introduced some evidence, but, due to the views we hold, we deem it unnecessary to state the purport of it.

The Examiner of Interferences held that appellee's registered mark "Peaudouce" meant "soft skin," and was descriptive of the character and quality of appellee's skin cream, and, accordingly, sustained the application for cancellation.

On appeal, the Commissioner of Patents held that the French word "douce" translated into English not only meant "soft," but also "sweet, fragrant, odoriferous, * * *

mild, agreeable, calm, tranquil, smooth, easy, gentle, affable, complaisant, tractable, pliant according to the subject in connection with which the word is used"; that, although the mark "Peaudouce" could be interpreted to mean soft skin, it also meant smooth or pliant skin; and that, due to the possible variations in the meaning of the French word "douce," especially in view of the long-continued use by appellee of its trade-mark, doubt of the descriptiveness of the mark should be resolved in favor of appellee, and, accordingly, held that appellee's registration should not be canceled, and that appellant's application for cancellation should be dismissed.

■ It is not contended here by counsel for appellant that appellee had abandoned its trade-mark, or was not using it at the time of the filing of appellant's application for cancellation. Furthermore, the holding by this court in the opposition proceeding is res adjudicata as to the question of priority of use. Accordingly, the sole issue presented to this court in the case at bar is whether appellee's registered trade-mark "Peaudouce" comes within the statutory inhibition of the registration of marks merely descriptive of the character or quality of the goods on which used.

It is contended by counsel for appellant that appellee's mark was formed by combining the two French words "peau," meaning skin, and "douce," meaning soft; and that it is used to describe the quality and character of appellee's skin cream.

■ It is contended by counsel for appellee, on the contrary, that appellee's registration is valid; that its mark is not merely descriptive; that "the only real question in the case concerns appellant's contention that appellee's mark is descriptive"; that there is a clear legal distinction "between marks which describe the goods themselves and marks which are indicative of results following the use of the goods." In explanation of that contention, counsel cited the cases of Winchester Repeating Arms Company v. Peters Cartridge Co., 30 App. D. C. 505, where it was held that the term "self-loading" was descriptive as applied to cartridges, and Montgomery Ward & Co., Inc., v. Sears, Roebuck Co., 49 F.(2d) 842, 18 C. C. P. A. (Patents) 1386, wherein, so counsel for appellee contend, this court held that the trade-mark "Sta-clean [Sta-Klean]" was a valid trade-mark for ammunition.

We may say at the outset that the question of whether the marks there involved were

descriptive was not raised in the Montgomery Ward & Co., Inc., v. Sears, Roebuck Co. Case, supra. The sole issue there before the court involved the question of the priority of use.

In the case of Florence Mfg. Co. v. J. C. Dowd & Co., 178 F. 73, the Circuit Court of Appeals, Second Circuit, in a case involving unfair competition, held that the trade-marks "Keepclean" and "Sta-Kleen," as applied to toothbrushes, were merely descriptive, and therefore not valid technical trade-marks.

It is conceded by counsel for appellee that the French word "peau" means skin. It is claimed, however, that the French word "douce" primarily means "sweet, pleasant or agreeable to the senses," and that "soft" is a secondary or forced meaning. Counsel cites no authority in support of that contention, which, as a matter of fact, is directly contrary to the testimony of the witness Charles Webb Godefroy, president and manager of the appellee company, who stated that appellee's trade-mark "Peaudouce" means "soft skin"—the word "peau" meaning skin, and the word "douce" meaning soft; and that appellee's skin cream was used especially as a "skin softener and healer."

Although appellee has used its trade-mark for many years, there is nothing of record to establish that it has acquired a secondary meaning.

It is true that the English meaning of appellee's trade-mark might be unknown to many. Nevertheless, it is well settled that foreign words and phrases, merely descriptive of the character or quality of the goods on which they are used, are not registerable under the Trade-Mark Act of February 20, 1905. In re Bradford Dyeing Association, 46 App. D. C. 512.

In view of the facts of record, we are of opinion that the trade-mark "Peaudouce" is merely descriptive of the intended purpose and function of the goods on which it is used, and is therefore merely descriptive of the "qualities, ingredients or characteristics" of such goods; that, when so used, it is not subject to exclusive trade-mark appropriation; and that appellee's registration No. 250,012 is invalid and should be canceled. Beckwith's Estate, Inc., v. Commissioner of Patents, 252 U. S. 538, 40 S. Ct. 414, 64 L. Ed. 705; Rumford Chemical Works v. Muth et al. (C. C.) 35 F. 524, 1 L. R. A. 44; Winchester Repeating Arms Company v. Peters Cartridge Co., supra; Ball v. Siegel, 116 Ill. 137, 4 N. E. 667, 56 Am. Rep.

766; Sears, Roebuck & Co. v. Elliott Varnish Co. (C. C. A.) 232 F. 588; No-D-Ka Dentifrice Co. v. S. S. Kresge Co. (D. C.) 24 F.(2d) 726; In re Berger, 56 App. D. C. 250, 12 F.(2d) 191.

For the reasons herein stated, the decision of the Commissioner of Patents is reversed.

Reversed.