POCKET BOOKS, INC., Plaintiff, *v.* JOSEPH MEYERS and EDNA B. WILLIAMS, Doing Business under the Firm Name and Style of AVON POCKET-SIZE BOOKS, and ILLUSTRATED EDITIONS CO., INC., Defendants.*

Supreme Court, Special Term, New York County, January 17, 1942.

*Beekman, Bouge, Stephens & Black*, for the plaintiff.

*Brodek & Eisner*, for the defendants.

SCHMUCK, J.  Unfair competition can exist in any endeavor to which human ingenuity lends itself.  Nothing created by man is immune from competition, either fair or foul.  Naturally, fair competition, from which at least economic advantage results, is to be encouraged, while on the other hand, unfair competition, which deprives a creator of the just benefits of his creation, must be deterred and discouraged.

In the matter presently engaging the court's attention, the plaintiff seeks to restrain the defendants, asserting that they are unfairly seeking to avail themselves of plaintiff's ingenuity, diligence, effort and time expended in establishing a comprehensive reputation by simulating plaintiff's product so as to deceive the general reading public in believing that defendants' wares are the publications of the plaintiff.

As presented, it is evident the controversy is clear of any question of patent, trade-mark or copyright and involves the

* Revd., 265 App. Div. 17.

sole question of whether the defendants are inequitably availing themselves of plaintiff's well-established reputation. In this respect it is well to remember that no matter how irksome imitation may prove to be, if it is kept within legal limits no complaint will be entertained. In short, if the imitation does not deceive, it is not unfair. So frequently have the courts considered unfair competition that a brief reference to the definition thereof should, to the esoteric, prove sufficient. It seems to be well settled that unfair competition means palming off something as the goods of another, not because of accidental similarity, but by means deceptive, willful and intentionally misleading. (*Neva-Wet Corp.* v. *Never Wet Processing Corp.*, 277 N. Y. 163; *International Latex Corporation* v. *Scheinberg*, N. Y. L. J. Feb. 21, 1941, p. 809.)

The evidence reveals that for two and one-half years plaintiff has published reprints of well-known books in a most attractive manner, particularly as to size and price. For twenty-five cents an unabridged reprint of the original work was offered in a pocket size book of six and one-half by four and three-sixteenths inches. These little volumes, though strictly not serial in character, nevertheless, were each an integer in a proposed library. Plaintiff has published 140 of these reprints, covering a great part of the fictional field. These covers are laminated with acetate cellulose and printed on the front cover with an appropriate design by a four-color half-tone process. Both from a practical and artistic standpoint the books are desirable. However, a close examination establishes that nothing about them is original, novel, unique or exclusively individualistic. Lamination, kind of paper and print, four-color half-tones, stained edges, colored border for back covers and every other individual feature of the books were known to and used by the publishing trade long before plaintiff charmed the reading public by combining them in one volume. It needs no argument, and plaintiff so concedes, that not a single feature of its edition can be claimed as original and capable of patent or copyright.

There is no doubt that, in appearance, the books of these litigants are practically indistinguishable. The slight difference in size and coloring of the edges is unappreciable, and were the subject of investigation something making an appeal only to sight and touch, the similarity could hardly be excused unless, in the application of the rule, the effect of an injunction would be to create a practical monopoly in derogation of free competition. The reasoning and the language of *Germanow* v. *Standard Unbreakable Watch Crystals, Inc.* (283 N. Y. 1) is singularly applicable: " The granting of an injunction here would give magic efficacy to the

sale of a cabinet. No precedent exists in the recorded decisions on unfair competition where, under similar facts, an injunction has been granted."

Despite the striking physical resemblance between the products of these two enterprising concerns, no unfair competition can be declared, for it is impossible for any one to be deceived. The titles, the designs and the texts, save in one instance, namely, "Rubaiyat," which belongs to the public domain, are all different. The "Bust of Shakespeare in Oval" of the defendant cannot be mistaken for plaintiff's "Kangaroo in Oval." The identification of the publisher on the cover is clearly distinguishable. Even if it be conceded that a considerable portion of the reading public depend upon the publisher rather than the author, unfair competition cannot be discovered. In *Munro* v. *Tousey* (129 N. Y. 38) the court insists that the public does make use of the power of observation and is capable of noting the difference the senses convey. The following language is worthy of repetition: "The court ought not to interfere with the freedom of conduct of trade and with general competition. Its power to restrain should be reserved to prevent fraud and imposture from some real resemblance in the name and appearance of the publications."

Constrained to believe that, for the most part, readers of cheap as well as de luxe books discriminate as to title, and that neither plaintiff, defendants nor any other publisher has any proprietary interest in any of the physical elements of which the books are composed, and unable to discover any attempt to vicariously and undeservedly avail themselves of plaintiff's initiative and industry, the court exculpates defendants from the charge of unfair competition. To do otherwise "would extend the doctrine of unfair competition much too far." (*Germanow* v. *Standard Unbreakable Watch Crystals, Inc., supra.*)

Judgment for defendants. No costs.

Submit findings of fact, conclusions of law and judgment in pursuance with the above.