## Application of TOLEDO SCALE CO.

(Court of Appeals of District of Columbia. Submitted May 11, 1922. Decided June 5, 1922.)

No. 1503.

Trade-marks and trade-names and unfair competition ⬬3(4)—"Honest weight" is descriptive term, and not registerable; "honest."

The word "honest" is not restricted to animate beings, but is defined as "characterized by, or indicative of, honest and fair dealing, free from fraud, equitable, fair," so that the term "honest weight," applied to scales, indicates that they show the weight correctly, and is therefore a descriptive term, which is not registerable as a trade-mark.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Honest.]

Appeal from the Commissioner of Patents.

Application by the Toledo Scale Company for registration of a trademark. From a decision refusing registration, the applicant appeals. Affirmed.

A. V. Cushman, of Washington, D. C., C. O. Marshall, of Toledo, Ohio, and George R. Frye, of Detroit, Mich., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

SMYTH, Chief Justice. The Toledo Scale Company sought to have registered the words "Honest Weight" as a trade-mark applicable to

⬬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

scales. From a decision refusing registration of the mark, on the ground that it was merely descriptive, the Scale Company brings the case here for our review.

It appears that at one time manufacturers were putting out scales which they said would enable merchants to cheat their customers to the extent of 3 per cent. of the value of their purchases, that to meet this practice the appellants determined to make, advertise, and sell a scale which would give accurate weight, and that they adopted as their trade-mark the words which they now ask to have registered. They deny that the mark is descriptive, and argue that it cannot be correctly said that an inanimate device, such as a weighing scale, is honest or dishonest. But the lexicographers disagree with them. They define the word "honest" as meaning:

"Characterized by or indicative of honest and fair dealing; free from fraud; equitable; fair; hence, real; true; as, an honest sale, honest toil." Funk & Wagnall's Standard Dictionary (1913 Ed.)

"Free from fraud or deception; genuine, full, unadulterated, or the like; as, honest measure, honest goods." Webster's International Dictionary (1919 Ed.).

Now, it seems to us that, if it is proper to speak of a sale or measure as honest, it is equally proper to speak of weight as honest, meaning that the weight is fair, real—not deceptive. A scale which does not weigh accurately is deceptive. It leads a person to believe that the weight it indicates is accurate, when it is not. Any person reading the mark in question on a scale would, in our opinion, interpret it as signifying that the scale, when employed to weigh an article, denoted its correct weight, and we think the appellants intended by its use to convey that idea to the purchasing public. In our opinion, the mark is clearly descriptive, and, as such, is not registerable. In re Kawneer Manufacturing Co., 48 App. D. C. 587; Florence Manufacturing Co. v. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565; In re Swan & Finch Co., 49 App. D. C. 95, 259 Fed. 991. Often have we said that there is no excuse for selecting as a trade-mark words which impinge upon the rule against the use of descriptive words, since the field from which a choice may be made is so broad. Coca-Cola Co. v. Chero-Cola Co., 51 App. D. C. 27, 273 Fed. 755.

The decision of the Commissioner of Patents is affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sitting in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal, concurs.