## In re PITNEY–BOWES POSTAGE METER CO.

(Court of Appeals of District of Columbia. Submitted May 11, 1925. Decided June 1, 1925.)

No. 1740.

1. **Trade-marks and trade-names and unfair competition ⬤⇒43—Words "metered mail" held so aptly descriptive of machine as to prevent registration as trade-mark thereof.**

Words "metered mail" held so aptly descriptive of machine for postmarking and stamp canceling, having counting attachment, as to preclude its registration as trade-mark thereof.

2. **Trade-marks and trade-names and unfair competition ⬤⇒11, 43—Patentee may adopt and register trade-mark not aptly descriptive of article patented.**

Patentee of machine has right to adopt and register a trade-mark under which to sell it, regardless of fact that patent has been obtained, but cannot register a mark that aptly describes it.

Appeal from Commissioner of Patents.

In the matter of the application of the Pitney-Bowes Postage Meter Company for registration of trade-mark for postmarking and stamp-canceling machines. From a decision of the Commissioner of Patents, denying its application, applicant appeals. Affirmed.

A. E. Dowell, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing registration of the words "Metered Mail" as a trade-mark for postmarking and stamp-canceling machines having counting attachments, postmarking and stamping machines having counting attachments, and parts thereof.

[1, 2] Appellant has obtained a patent on a "mail-marking machine and postage meter." This machine has been approved by the postal authorities and by them is set to show a certain amount of postage purchased. The machine then marks its canceling stamp impressions on the mail matter and keeps a record of the number of such impressions. After the impressions corresponding to the amount previously paid for and indicated by the setting of the machine have been exhausted, the machine is automatically locked against further use. The mail matter passing through the machine is thereby stamped, face-canceled, and postmarked. This mail is known as "metered mail," just as mail bearing a special delivery stamp is known as "special delivery mail," and that bearing a registration stamp as "registered mail."

It is the position of the Patent Office that the machine by which mail is "metered" is aptly described as the "metered mail machine." In this view we concur. Appellant has the right to adopt and register a trademark under which to sell its machine, regardless of the fact that a patent has been obtained on it, but he has no right to register a mark that aptly describes it. See Application of Toledo Scale Co., 281 F. 607, 52 App. D. C. 103.

The decision is affirmed.

Affirmed.