## In re BERGER.

(Court of Appeals of District of Columbia. Submitted March 8, 1926. Decided April 5, 1926.)

No. 1828.

Trade-marks and trade-names and unfair competition ⬦43.

Word "Cop-Spotter," as trade-mark for rear-view mirrors of automobiles, held descriptive of function performed by the article, and not registrable.

Appeal from the Commissioner of Patents.

In matter of the application of Elmer C. A. Berger for registration of trade-mark. From a decision of the Commissioner of Patents, denying registration, applicant appeals. Affirmed.

Allen E. Peck, of Washington, D. C., and Robert W. Smith, of Los Angeles, Cal., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, Berger, appeals from a decision of the Commissioner of Patents, denying registration of the word "Cop-Spotter" as a trade-mark for rear-view mirrors for automobiles.

When appellant applied for the registration of his mark, he was thrown in interference with the William R. Johnston Manufacturing Company, who had a registered trade-mark for the same goods, consisting of the word "Copspotter," with the picture of a policeman mounted on a motorcycle within the letter "C." Appellant proved prior use of his mark beyond question, and the Commissioner of Patents entered an order canceling the Johnston registration, and denying registration to appellant on the ground that the mark is descriptive of the

function performed by the article to which it is applied.

The evidence clearly discloses that one use made of the rear-view mirrors on automobiles is to observe whether a traffic policeman is pursuing the car. The word "Cop" is a word that has come into use as descriptive of a policeman, and the act of observation is described as "Spotting."

It follows, therefore, that the word "Cop-Spotter," as applied to a rear-view mirror on an automobile, at once suggests the use to be made of the mirror, namely, to locate an officer who may be pursuing the car from the rear. While the mirror may also be used generally for the observation of traffic conditions immediately in the rear of the automobile, the term "Cop-Spotter" signifies a distinct and specific use to which the mirror may be applied, and in this respect it is undoubtedly descriptive.

The case is closely analogous to In re Pitney-Bowes Postage Meter Co., 56 App. D. C. ——, 6 F. (2d) 717, where the words "Metered Mail" were held to be descriptive of a machine for canceling stamps on mail matter, and making a record of the number canceled. It is also governed by the case of In re Toledo Scale Co., 52 App. D. C. 103, 281 F. 607, where the trade-mark "Honest Weight," applied to weighing scales, was held descriptive, and consequently not registrable.

The decision of the Commissioner is affirmed.