23 C.C.P.A. (Patents)

### In re VORTEX CUP CO.

### Patent Appeals No. 3628.

Court of Customs and Patent Appeals.
June 1, 1936.

Charles W. Hills and Charles W. Hills, Jr., both of Washington, D. C., Alexander C. Mabee, of Chicago, Ill., and T. J. Mac-Kavanagh, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying appellant's application for the registration of the trade-mark "Trophy," for use on paper drinking cups.

In his decision, the Examiner held that the trade-mark "Trophy" was merely descriptive of paper drinking cups, or of a characteristic or quality possessed by them. In so holding, he relied upon the decision in the case of In re Meyer Brothers Coffee & Spice Company, 38 App.D.C. 520, wherein it was held that a trade-mark consisting of a representation of a loving cup in connection with the word "Trophy" was descriptive of coffee, on the ground that it merely indicated "that the applicant's goods have been recognized as of a superior quality by the presentation of a

prize or trophy." The Examiner further stated that, although the decisions of the Patent Office had not been consistent on the subject, he considered himself bound by the decision in that case.

In his decision affirming the decision of the Examiner, the commissioner also took the view that the tribunals of the Patent Office were bound by the decision in the In re Meyer Brothers Coffee & Spice Company Case, supra.

The decision relied upon by the tribunals of the Patent Office was evidently based upon the proposition that the trademark there involved merely indicated that the applicant's goods were of such superior quality· that a prize or trophy had been awarded therefor. We have no way of knowing what the facts in that case were, other than the short statement contained in the opinion, hereinbefore quoted.

■ The question of whether a word used as a trade-mark is descriptive of the goods on which it is used depends, of course, upon the circumstances of each case. A word which is descriptive when used on one class of goods may be purely arbitrary and fanciful when used on goods of another class. Accordingly, the mere fact that a word or term has a descriptive meaning does not necessarily mean that its use is prohibited by the statute—section 5 of the Trade Mark Act of February 20, 1905, as amended (15 U.S.C.A. § 85). See Bennett et al. v. McKinley et al. (C.C.A.) 65 F. 505; Hercules Powder Company v. Newton, Commissioner of Patents (C.C.A.) 266 F. 169; Orange Crush Company v. California Crushed Fruit Company, 54 App.D.C. 313, 297 F. 892; Ex parte Minnesota Valley Canning Company, 20 T.M.Rep. 145, 4 U.S.Pat.Q. 48; The Paul Plessner Company v. Albert E. Mallard, 21 T.M.Rep. 58, 7 U.S.Pat.Q. 129; Ex parte Good Humor Corporation of America, 24 T.M.Rep. 376, 21 U.S.Pat. Q. 593.

■ "Trophy" is defined in Funk & Wagnalls New Standard Dictionary as:

"1. Anything taken from an enemy and shown or treasured up in proof of victory; a prize or token of victory in any contest; hence, a memento of victory or success. * * * 3. An ornamental group of objects hung together on a wall, or any collection of· objects typical of some event, art, industry, or branch of knowledge. 4. A memento or memorial."

. We think it is evident that, although the word "Trophy" might suggest that appellant's paper drinking cups are of high quality, it is not, for that reason, descriptive of them, or of any characteristic or quality possessed by them.

In the case of Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, 50 F.(2d) 976, 979, 18 C.C.P.A. (Patents) 1415, we said:

"It is well settled in adjudicated cases that a valid trade-mark may be highly suggestive (in our opinion oftimes the best ones are), without being offensively descriptive."

We are of opinion, therefore, that appellant's trade-mark is not merely descriptive of the goods on which it is used, or of any characteristic or quality possessed by them, but that it indicates to the purchasing public the origin of appellant's goods.

For the reasons stated, we are of opinion that appellant is entitled to have its mark registered.

The decision of the Commissioner of Patents is, accordingly, reversed.

Reversed.