**DUNLAP v. SWOPE, Warden.**

No. 9029.

Circuit Court of Appeals, Ninth Circuit.

March 27, 1939.

Henry Earl Dunlap, in pro. per.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court dismissing appellant Dunlap's petition for a writ of habeas corpus. Appellant presented his case below in propria persona, and he has filed a brief here. He is without means to employ an attorney and has moved this court to cause appellee Swope, the Warden of the penitentiary in which he is confined, to bring him before us to argue his appeal.

The personal presence of a prisoner is not necessary to confer jurisdiction to consider his appeal, even were it from a judgment in a capital case. Schwab v. Berggren, 143 U.S. 442, 449, 12 S.Ct. 525, 36 L.Ed. 218. Here, however, it is suggested that it is within the court's discretion to determine whether he be brought before us to participate in the hearing or to appoint an attorney to represent him.

We do not find it necessary to consider the suggestion since the relief sought is clearly beyond our jurisdiction to grant through the process of habeas corpus. Appellant's petition at one place asserts he is illegally restrained of his liberty by the Warden, but at another it admits that the sentence under one of the three counts on which he pleaded guilty has not yet run, and that he does not contest his imprisonment under that sentence. What he seeks is a declaration by the court of the invalidity of two of the three consecutive sentences imposed, to enable him to procure the consideration of a petition for parole at an earlier date than required if the three consecutive sentences are valid. Incidentally it does not appear that the appellant has invoked any process to require the parole-granting authority to consider his application for the parole on the theory of the invalidity of the two challenged sentences.

The writ of habeas corpus is concerned solely with the legality of the prisoner's restraint at the time of the filing of his petition for its issue. McNally v. Hill, Warden, 293 U.S. 131, 138, 55 S.Ct. 24, 79 L.Ed. 238; Smith v. Johnston, Warden, 9 Cir., 83 F.2d 821, 822. Since on its face the petition shows we have no jurisdiction to grant the relief sought, the motion to bring the appellant before us is denied and the order dismissing the petition is affirmed.