446

**DIXIE ROSE NURSERY v. COE,**
Com'r of Patents.

No. 8193.

United States Court of Appeals for the
District of Columbia.

Argued Oct. 13, 1942.

Decided Nov. 16, 1942.

Harry C. Robb, Sr., of Washington, D. C., with whom John F. Robb, of Cleveland, Ohio, and Harry C. Robb, Jr., of Washington, D. C., were on the brief, for plaintiff-appellant.

Edwin L. Reynolds, of Washington, D. C., with whom W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for defendant-appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from the District Court's refusal to authorize the Commissioner of Patents[1] to register appellant's trade mark for rose plants, scions, and cuttings. The mark consists of the words "Texas Centennial" on an outline map of Texas. The Trade Mark Act of 1905 provides that "no mark which consists * * * merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered * * *."[2] The Patent Office refused registration on the grounds that "Texas Centennial" is the name of a variety of rose, and descriptive, and that the name and map of Texas are geographical.

Appellant concedes that "Texas Centennial" is the name of a variety of rose. This variety is known throughout the trade, and listed in appellant's catalog, by this name. Purchasers call for it, and for no other variety, by this name. Appellant's catalog attributes to the "Texas Centennial" a number of physical features which distinguish it from other roses. Appellant has patented this rose, and apparently it is grown and marketed only by appellant and its licensees. Though the licensees agree to tell purchasers of appellant's connection with it, one may in fact buy "Texas Centennial" roses without learning that the original stock came from appellant's nursery.

If a man should invent a combination automobile and airplane, and call

---

[1] Under R.S. § 4915, 35 U.S.C.A. § 63.

[2] 33 Stat. 725, § 5, 15 U.S.C.A. § 85.

it an ambi, the name would at first be arbitrary and not descriptive. But if the name were applied, for a considerable period, to all such combinations and to nothing else, the name would come to identify or describe the thing, as the word "cellophane" [3] has come to describe a thing. "The meaning which should be given to the words constituting the mark is the impression and signification which they would convey to the public." [4] The Patent Office and the District Court might properly conclude that the words "Texas Centennial," though originally arbitrary, have come to describe to the public a rose of a particular sort, not a rose from a particular nursery. It follows that the statute forbids the registration of the words, unless an exception is to be read into the statute to the effect that words which are descriptive may nonetheless be registered when the applicant and his licensees are, for the moment, the only persons who produce the thing described.

The policy of such an exception is not so clear that we can impute to Congress an intent to imply it. It is conceived to be fair to persuade buyers that they want goods from a particular source, and to enable them to get such goods by the convenient means that an exclusive trade mark or trade name provides. It is conceived to be unfair to require buyers who are indifferent to source, and want merely goods of certain characteristics, to name a particular source in order to name the desired characteristics. [5] To allow registration of the name "Texas Centennial" would give appellant an unfair advantage, despite the fact that only appellant and its licensees now produce Texas Centennials. It would tend to prolong appellant's monopoly, beyond the life of appellant's patent, by making it difficult for a newcomer to break into the field. We cannot read such an intent into the Trade Mark Act.

The inclusion or addition of the geographical name and map does not entitle the mark to registration. If, as appellant contends, the Patent Office has previously registered trade marks in like circumstances, it does not follow that its present action is erroneous.

Affirmed.

---

[3] DuPont Cellophane Co., Inc., v. Waxed Products Co., Inc., 2 Cir., 85 F. 2d 75, 80, certiorari denied, 304 U.S. 575, 58 S.Ct. 1047, 82 L.Ed. 1539.

[4] In re Irving Drew Co., 54 App.D.C. 310, 311, 297 F. 889, 890.

[5] Cf. Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 185, 186, 16 S.Ct. 1002, 41 L.Ed. 118; DuPont Cellophane Co. v. Waxed Products Co., 2 Cir., 85 F.2d 75, 80, certiorari denied, 304 U.S. 575, 58 S.Ct. 1047, 82 L.Ed. 1539.