## RAINBOW ART CO., Inc. v. SEARS, ROE-BUCK & CO.

### No. 536.

United States District Court
S. D. West Virginia, Huntington Division.
Aug. 31, 1951.

E. Henry Broh and Ned O. Heinish, of Huntington, W. Va., for plaintiff.

678

E. A. Marshall, Huntington, W. Va., Frank H. Marks, of Chicago, Ill. (Fitzpatrick, Strickling, Marshall & Huddleston of Huntington, W. Va., Lederer, Livingston, Kahn & Adsit, Chicago, Ill., on brief), for defendant.

WATKINS, District Judge,

Plaintiff seeks an injunction against the defendant for alleged infringement of a federally registered trade-mark. Many issues were raised by the pleadings, but at the pre-trial conferences, all issues were eliminated, except one, and the case was submitted to the court for final decision in favor of the plaintiff or defendant, depending on how the court decided that single issue. As stated in the order of submission, that issue is as follows: "whether, on the basis of plaintiff's registered trade-mark, the plaintiff is entitled to the exclusive use of the word 'Rainbow' in connection with glassware and, therefore, entitled to the injunctive relief prayed for, or whether, as defendant contends, 'Rainbow' is a word in the public domain and not subject to such appropriation." In other words, the defense is that the registered trade-mark is invalid because descriptive. The case was submitted to the court upon stipulations as to facts, questions and answers to interrogatories, and affidavits and exhibits filed. In view of the limited issue upon which the case is now submitted for decision, some of this evidence is now immaterial. There is little dispute in the material facts.

The Rainbow Art Company, Inc., of Huntington, W. Va., is a small company producing high grade hand-decorated table glassware. It obtained its technical trade-mark registration on August 28, 1945. In the original application plaintiff asked for a trade-mark consisting of the word "Rainbow" arranged in a semi-circle over the words "Hand Decorated". The design resembles an old fashioned lady's fan in open position, or might be interpreted as a sunrise or sunset with outwardly directed rays. The Patent office denied registration for the reason that the words "Hand Decorated" are "descriptive of the goods with which the word is used", and stated that upon disclaimer of the words "Hand

Decorated", the mark was proper subject for registration. Plaintiff expressed a desire that the trade-mark apply to "all kinds of glassware decorated by hand, screen or printing, in luster, enamel colors, gold, platinum, silver, etc., in all kinds of designs", or in the alternative, "table, art, gift, ornamental, decorative, etc.", but neither suggestion was approved. The Patent office suggested that the trade-mark be limited to "Glass Tableware, in Class 33, Glassware". A new application was filed in which no claim was made for use of the words "Hand Decorated", apart from the mark itself, and in which the scope of the trade-mark was limited to Glass Tableware, as suggested, whereupon the mark was duly registered. Since August 28, 1945, plaintiff has used the trade-mark and advertised extensively on a national basis, centering its advertising on the word "Rainbow" as applied to Table Glassware. Plaintiff does not contend that the defendant has ever used the fan design, the complaint being restricted to the word "Rainbow".

The only act complained of by plaintiff is a single newspaper advertisement appearing over defendant's name in the Louisville, Kentucky, Courier-Journal for May 22, 1949, in which a set of glassware was designated as "rainbow glassware" and offered for sale. It is this use of the word "rainbow" of which the plaintiff complains. Forty-two pieces of glassware were offered for ninety-nine cents. Included in the glassware were ice tea, juice and ordinary drinking glasses. Each of these was brightly decorated with multi-colored bands extending around the glass. The carton containing the glassware bore a stenciled notation, "California Rainbow". In answer to an interrogatory it was learned that defendant had used the word "Rainbow" in three other advertisements as follows: Buffalo Evening News for September 9, 1948, wherein the goods were offered as "California Rainbow"; the Washington, D. C. Sunday Star for September 24, 1948, offering "California Glassware Set—Colonial Rainbow Design", and in the Birmingham News-Age-Herald for May 1, 1949, offering "Rainbow Color Glasses".

Defendant contends that in all of these advertisements the word "Rainbow" was used to describe a characteristic of the merchandise; that the word "Rainbow" was synonymous with "Rainbow Colored" or "Rainbow Banded", and that in offering this glassware for sale it had a right to describe this color characteristic.

Plaintiff does not sell glassware with multi-colored stripes or bands on it. Its ware is heavy and hand-decorated as compared to the thin banded glassware which defendant advertised.

The Patent office has registered other trade-marks of the word Rainbow as follows: Rainbow. Sept. 26, 1922 to Rainbow Import & Export Corp. Class 13 (Hardware, etc.) specifically for aluminum kitchen utensils; Rainbow. Sept. 4, 1928 to National Enameling & Stamping Co. Class 2 (Receptacles) specifically for metallic garbage cans, etc.; Rainbow. June 25, 1929 to Nocatee-Manatee Crate Co. Class 2, specifically for fruit and vegetable hampers; Rainbow. Sept. 28, 1937 to Cumberland Chemical Co. Class 50 specifically for bottle caps; California Rainbow. Feb. 8, 1938 to Mearl C. Meyers, d. b. a. Myers Pottery, Class 30 (ceramics) specifically for pottery goods, dinner ware, vases, flower pots, urns and mixing bowls. (This mark specifically disavows the term California as being geographic).

The plaintiff is not asking for any damages and has made no effort to establish a "secondary meaning" for the word "Rainbow" as applied to Table Glassware, but relies upon its technical trade-mark for the injunctive relief asked. Likewise the defendant asserts as its only defense that the trade-mark is descriptive and, therefore, not subject to such appropriation.

■ 15 U.S.C.A. § 85 (in effect when this mark was registered now 15 U.S.C.A. § 1052), provided what trade-marks might be registered. Registration was denied of marks "which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term". Former Section 96 (now 15 U.S.C.A. § 1057(b) provided that the registration of a trade-mark "shall be prima facie evidence of * * * ownership". Such registration "furnishes a strong presumption of its validity", although this presumption is, of course, rebuttable. Chapin-Sacks Mfg. Co. v. Hendler Creamery Co., 4 Cir., 254 F. 553, 556; Autoline Oil Co. v. Indian Ref. Co., D.C., 3 F.2d 457, Soper, J.

■ The general law with reference to descriptive words in a trade-mark was stated by Judge Soper in Bliss, Fabyan & Co. v. Aileen Mills, 4 Cir., 25 F.2d 370, 372, as follows: "It is settled, beyond all controversy, that a manufacturer has no right to the exclusive use of a descriptive word in connection with his goods, and if nevertheless he adopts such a trade-mark, he himself is largely to blame for the confusion which ensues when other manufacturers, with equal right, adopt similar terms to describe their products."

■ It is also true that a descriptive word, in common use, may be a good trade-mark, if it in no manner describes the class of goods on which the trade-mark is used, and has no natural meaning in relation to such goods. W. G. Reardon Laboratories, Inc., v. B. & B. Exterminators, Inc., 4 Cir., 71 F.2d 515, 518; Nims on Trade-Marks and Unfair Competition, 3d Ed., Ch. 4. A word which is descriptive when used on one class of goods may be purely arbitrary and fanciful when used on goods of another class. In re Vortex Cup Co., 83 F.2d 821, 23 C.C.P.A., Patents, 1166. It is also well settled that a word which is merely suggestive may be the subject of a valid trade-mark. For example, in the case last cited, the court held that although the word "Trophy" might suggest that appellant's paper drinking cups are of high quality, it is not, for that reason, descriptive of them, or of any characteristic or quality possessed by them. Likewise it has been held that the word "Sunshine" for stoves was a descriptive word used in an arbitrary and non-descriptive manner, and although it was suggestive, it did not describe any characteristic or property of a stove, and was a valid mark. Reading Stove Works, Orr, Painter & Co. v. S. M. Howes Co., 201 Mass. 437, 87 N.E. 751,

680

21 L.R.A.,N.S., 979. Other suggestive but non-descriptive names which have been approved as valid trade-marks are: "Mouse-Seed" as applied to poison grain for mice. W. G. Reardon Laboratories v. B. & B. Exterminators, supra; "Arch Builder" and "Heel Leverer" as applied to shoes, In re Irving Drew Co., 54 App.D.C. 310, 297 F. 889; "Chicken of the Sea" as applied to canned tuna, Van Camp Sea Food Co. v. Alexander B. Stewart Organizations, 50 F.2d 976, 18 C.C.P.A., Patents, 1415. These names are suggestive, because it takes some mental effort for one to determine in what manner the name is appropriate to the product or suggestive of some characteristic of the product. They do not describe any characteristic or property of the product.

■ In many cases it is a close and difficult question to decide whether a name is descriptive or merely suggestive. Nims on Trade Marks and Unfair Competition, 4th Ed., Sec. 201, page 538, would apply the following test: "A practical test is to inquire whether giving to the Plaintiff the right to appropriate the word as his Trade-Mark is in anyway, 'restricting others from properly describing similar articles produced by them'".

■ Applying this test here, we must first concede that defendant had the right to sell "Table Glassware" produced by others, and it had the right to describe the characteristics and properties of that glassware, in any proper manner, notwithstanding plaintiff's trade-mark or any other registered trade-mark. The reason for this rule is stated in Avery & Sons v. Meikel & Co., 1883, 81 Ky. 73, 79, 90, as follows: "The alphabet, English vocabulary, and arabic numerals are to man in conveying his thoughts, feelings and truth, what air, light and water are to him in the enjoyment of his physical being. Neither can be taken from him. They are the common property of mankind, in which all have an equal share and character of interest. From these fountains whosoever will may drink, but an exclusive right to do so cannot be acquired by any."

■ As stated by Mr. Justice Sutherland in William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 528, 44 S.Ct. 615, 616, 68 L.Ed. 1161, 1163: "A name which is merely descriptive of the ingredients, qualities or characteristics of an article of trade cannot be appropriated as a trade-mark and the exclusive use of it afforded legal protection. The use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be to cause the public to mistake the origin or ownership of the product."

We are all familiar with the rainbow which appears in the sky following a rain. It is a radiant arc of multi-colored bands. Webster's Unabridged Dictionary shows the word "rainbow" as an adjective, "like a rainbow". It is beautiful and attractive, and there is no wonder that is is so commonly used to denote something "rainbow colored" or something "colored like a rainbow". Consequently it is not surprising that the dictionary shows application of the word to numerous objects, such as "rainbow cactus", "rainbow duck", and "rainbow trout".

One of the most important qualities or characteristics of table glassware is its color. In that manner alone, some glassware may be distinguished from others. Likewise the particular type of decoration is a most important property of table glassware, whereas color and decoration would be of no importance or significance in kitchen utensils, bottle caps, or garbage cans, for which the word "Rainbow" has been registered as a trade-mark. When used as trade-marks on these objects, the word does not restrict "others from properly describing similar articles produced by them", because the decoration or color of these articles are of no significance. When so used the word is technical or arbitrary, and not descriptive. But we have an entirely different situation when the word is used to denote table glassware.

Defendant had for sale a cheap grade of table glasses, the glasses being decorated or colored by many bright multi-colored bands around each glass. On these very inex-

pensive glasses, it is quite obvious that the bright and gaudy coloring would constitute their chief selling point and attraction to the customers who would be purchasing that quality of glassware. Whether defendant had prior knowledge of plaintiff's registered mark does not appear, but even without such knowledge, it is reasonable to believe that defendant could very properly have selected the words "rainbow glassware" to describe these particular glasses. What one word would have better described the most attractive and most important selling quality or characteristic of this merchandise? Advertising is expensive, and, like sending a telegram, one seeks to say as much as possible in a single word. The word "rainbow" denoted "rainbow colored" or "rainbow striped", the most attractive characteristic of the glasses, and the one which chiefly distinguished these glasses from other inexpensive ware.

I am of the opinion that the word "Rainbow" is descriptive of "Table Glassware" and that plaintiff does not have a valid technical trade-mark. The prayer of the plaintiff for an injunction is denied and judgment will be entered for the defendant.