**AMERICAN SAMOA GOVERNMENT, Plaintiff/Respondent**

**v.**

**MICHAEL F. ADAMS, Defendant/Petitioner**

High Court of American Samoa
Trial Division

CR No. 06-86

January 17, 1996

Before KRUSE, Chief Justice.

Order Denying Petition for Writ of Habeas Corpus:

On January 9, 1986, defendant Michael F. Adams ("Adams") killed Katherine and Edward Sedlack, and on August 13, 1986, was adjudged guilty on two counts of second-degree murder, pursuant to a plea agreement. Adams was accordingly sentenced to two 30-year prison terms, which were to run concurrently. Adams has served more than 10 years of this sentence, and now petitions *pro se* for a writ of habeas corpus, alleging that the Parole Board refuses to consider his application for parole, despite his requesting it three times in advance of his eligibility.[1]

---

[1]    A criminal becomes eligible to apply for parole after serving 1/3 of his sentence. A.S.C.A. § 46.2304(a).

The statute is plain on its face that a prisoner may apply for parole only after he has served the minimum prison term, and not in advance.

> A prisoner . . . wherever confined, and serving a term or terms of over 6 months, *who has served the minimum prison term* under 46.2304 may apply to the board for parole.

A.S.C.A. § 46.2702(a) (emphasis added). Although Adams applied for parole three different times, the last application he alleges was on December 6, 1995, or more than a month prior to the 10 year anniversary of his arrest for the murders. He was, therefore, not eligible to apply for parole when he applied. Without a valid application for parole, the petition for judicial review is premature and should, therefore, be denied.

■ Regardless, habeas corpus is hardly appropriate in this case. The writ of habeas corpus or "the great writ" is to provide "immediate relief from illegal detention." *Suisala v. Moaali'itele*, 6 A.S.R 2d 15, 18 (Trial Div. 1987). Habeas corpus is not a vehicle for the courts to inquire into management of the prison system, unless "exceptional circumstances" rise to the level of "constitutional deprivation." *American Samoa Government v. Agasiva*, 6 A.S.R. 2d 32, 38 (Trial Div. 1987).

The Ninth Circuit has held that the courts have jurisdiction to invoke the writ of habeas corpus only when detainment is unlawful, and on that basis refused to consider the validity of two out of three consecutive sentences (in order to determine parole eligibility) until after the admittedly valid sentence had been served. *Dunlap v. Swope*, 103 F.2d 19 (9th Cir. 1939). The rationale behind this decision is simply that the prisoner is not unlawfully detained during the course of an admittedly valid sentence, and the court is, therefore, without jurisdiction to grant the writ. In the present matter, Adams asks the court to declare his detainment unlawful during the course of a valid sentence. His right is not to be granted parole, but rather to apply for it, and to have his application duly and fairly considered without indeterminate delay. If, after Adams applies for parole, the Parole Board refuses to consider his application in a timely fashion, perhaps the appropriate remedy is mandamus, to compel the Board to timely consider the merits of his parole application, and not habeus corpus, to effectively circumvent parole proceedings altogether.

Since Adams has not heretofore filed a valid parole application, he is entitled to no claim for relief respecting the Parole Board. His petition is, therefore, denied.[2]

The Clerk of Courts is directed to serve a copy of this order upon the government/respondent via the Attorney General's Office and upon the defendant/petitioner at the Tafuna Correctional Facility.

It is so ordered.

___

[2] Although Adams' petition is denied, it is helpful to address his concern that the Parole Board intends to delay a hearing on his parole application until there are a number of other prisoners who may be considered for parole at the same time. The intention which Adams attributes to the Parole Board would be plainly illegal. The parole statute states, in relevant part:

> Upon receipt of an application for parole by an eligible prisoner, the board considers all pertinent information regarding the prisoner . . . .

A.S.C.A. § 46.2072(b) (emphasis added). The aforementioned deliberation must include an interview of the prisoner and oral testimony. A.S.C.A. § 46.2072(c). ■ Although the statute does not create strict time parameters for considering or acting upon a parole application, it does plainly indicate that the application must be evaluated "[u]pon receipt." This language clearly does not permit the Parole Board to unduly delay consideration of a parole application in order to get several hearings out of the way at the same time, or for other reasons of convenience. If this is the Parole Board's policy, it is repugnant to the terms of the statute and should be changed.