**SMITH SIAUMAU, Plaintiff,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Defendant.**

High Court of American Samoa
Trial Division
CA No. 36-03

June 26, 2003

Before WARD, Acting Associate Justice.

OPINION AND ORDER

Defendant, a current inmate serving the first of three, 5-year consecutive prison terms for assault, at the Territorial Correction Facility, has filed a petition for a writ of habeas corpus with this court. The Court has carefully reviewed the petition and the exhibits attached thereto.

## Discussion

The privilege of a writ of habeas corpus is provided under Article I, Section 7 of the Revised Constitution of American Samoa. This writ has been described as "the great writ" which provides "immediate relief from illegal detention." *Suisala v. Moaali`itele*, 6 A.S.R.2d 15, 18 (Trial Div. 1987). We examine the *pro se* pleadings in this case as broadly as possible without regard to the technical niceties demanded of attorney-drafted pleadings.

Petitioner prays the Court to commute his sentence to time served or reduce his sentence to three years with the privilege of work release from the Territorial Correction Facility to be granted immediately. This Court lacks the authority to grant these prayers. The work release program at the correctional facility is, by statute, supervised by the Warden. *See* A.S.C.A. § 46.2521 *et seq.* Nor may this Court, under the writ of habeas corpus or otherwise, commute petitioner's sentence. That power is exclusively exercised by the Governor under Article IV, Section 9 of the Revised Constitution of American Samoa.

■ Petitioner's prayers notwithstanding his petition must be reviewed to determine if it presents on its face a showing that his confinement is unlawful. Relying upon *A.S.C. v Adams*, 29 A.S.R.2d 160, 161 (Trial Div. 1996) (citing *Dunlap v. Swope*, 103 F.2d 19 (9th Cir. 1939)), only petitioner's present sentence, and not the two prospective, consecutive 5-year sentences, is considered for purposes of his allegation of current illegal confinement.

Petitioner alleges: he has not been given permission to attend church services on Saturdays; that the correctional facility does not provide inmates with clothing, sheets, towels, soap, etc.; that the meals served at the facility are not nutritious; that his cell is hot and not well ventilated; and that petitioner doesn't always get to exercise every day.

■ Although petitioner presents a grim picture of his life in confinement, "[h]abeas corpus is not a vehicle for the courts to inquire into management of the prison system, unless 'exceptional circumstances' rise to the level of 'constitutional deprivation.'" *Am. Samoa Gov't v. Agasiva*, 6 A.S.R.2d 32, 38 (Trial Div. 1987). On its face, this petition does not assert any factual situation, which, if true, would present circumstances of illegal detainment predicated upon cruel or unusual punishment or any other restraint in violation of petitioner's constitutional rights. Petitioner's remedy lies with the executive branch, not with the Court under a habeas corpus proceeding.

As to petitioner's allegations that he didn't fully understand his plea agreement and that his lawyer failed to file a timely motion before the sentencing court to reduce his sentence, we have carefully reviewed his allegations. We return however, to the issue we addressed above as to petitioners present sentence of 5 years for Count I, Assault in the Second Degree.

■ Petitioner states that his first plea agreement included a dismissal of all counts except Counts I and VI. Petitioner's claims that he was surprised at his subsequent hearing with the proposal that he would enter pleas of guilty to Counts I, II, and V with the government dismissing the balance of the charges.

Petitioner is presently serving his sentence for Count I. His allegations that his future sentences may result in his illegal detention when those sentences commence do not presently support the issuance of a writ while he is serving a legal sentence.

### Conclusion

The petition filed in this matter, broadly construed in favor of this *pro se* prisoner, does not allege facts which if proven to be true would

demonstrate his current detention is illegal. Petitioner's current remedy is exclusively with the executive branch of government. He is strongly advised to avail himself to the administrative remedies for his grievances concerning his personal circumstances in confinement. He may also avail himself to the parole board with respect to his current sentence. And finally, he may petition the Governor for relief.

To ensure that the executive branch officers with authority over these matters are fully informed on the status of this particular legal action by petitioner, the Clerk of Courts shall cause a copy of this Opinion and Order and a copy of the petition and exhibits to be served upon the Attorney General, the Commissioner of Public Safety, Counsel to the Governor, and the Public Defender.

The petition is denied.

## Order

It is so ordered.